## JUANA PUENTE, Plff.,

### *v.*

## JOSÉ MIRANDA ET AL., Dfts.

---

San Juan, Equity, No. 226.

1. A declaration of intention to retain Spanish citizenship, made January 18th, 1900, before a municipal court in Porto Rico, is a sufficient compliance with the requirements of article 9 of the treaty of Paris.
2. The court has jurisdiction of a cause between a Spanish plaintiff and Porto Rican defendants.

Opinion filed October 15, 1907.

---

*Messrs. Sweet, Rossy, & Campillo,* attorneys for plaintiff.

*Mr. Frank Antonsanti* and *Mr. T. D. Mott, Jr.,* attorneys for defendants.

RODEY, Judge, delivered the following opinion:

This matter is before the court on the plea of the respondent Ignacio Franco, which traverses the opening allegation of the bill of complaint, wherein complainant, Juana Puente, alleges that she is a citizen of Spain. The plea sets forth that the complainant, at the time of filing the bill, was, and still is, a citizen of the island of Porto Rico, and a resident of the same. This is sworn to by the said Ignacio Franco.

Puente v. Miranda.

Thereupon the complainant filed a certificate of a declaration made by herself on the 18th of January, 1900, before the municipal court of Manati in this island, under the 9th article of the treaty of Paris. We have heretofore held such a court to be a court of record within the meaning of the treaty. Re Bonnet y Jaspard, 2 Porto Rico Fed. Rep. 70. This certificate appears to be regular and genuine in all respects, and the time it was made was within the year of option granted by the treaty to Spaniards desiring to preserve their nationality. The certificate sets forth that she was then fifty years of age, and was born at Vivero, in the province of Lugo, in the Spanish Peninsula. She submits this with a certificate from Angel Saens, a Spanish vice consul at Arecibo in this island, which certifies that she came to this country on the 13th of July, 1874; that she is a native of said Lugo, in Spain, and that she is registered in the consulate at said Arecibo as a Spanish citizen. This certificate bears date the 23d of February, 1907. The respondent has filed nothing to contradict the prima facie case made by these certificates.

We hold that, uncontradicted, they are sufficient in law to establish her Spanish citizenship, as alleged in the complaint, and for this reason the plea to the jurisdiction will be, and it hereby is, overruled, and the cause will stand for further proceedings as may be proper.